**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| LOUIS E. WILLIAMS | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:10-CV-81 CDL-MSH |
| | : |
| UNIVERSITY OF GEORGIA | : |
| ATHLETICS DEPARTMENT, *et al.* | : |
| | : |
| Defendants. | : |

## **RECOMMENDATION OF DISMISSAL**

Plaintiff Louis E Williams, *pro se*, brings this action against multiple University of Georgia Defendants claiming, *inter alia*, that Defendants used Plaintiff's "professional materials, musics (sic), dances, lyrics, voices, songs, [and] entertainments (sic)" without compensating the Plaintiff. (Compl. at 8.) Because the Defendants are entitled to sovereign immunity and because the Complaint is frivolous, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915(e)(2)(B)(i).

## **INTRODUCTION**

Plaintiff filed his Complaint on October 14, 2010, against the University of Georgia ("UGA") Athletics Department, Vince Dooley (as UGA head football coach and Athletics Director), Mr. Evans (as UGA Athletics Director), Greg McGarity (as UGA Athletic Director), Mark Richt (as UGA head football coach), Larry Munskin (football announcer), Fred C. Davis (as UGA President), Michael F. Adams (as UGA President), the UGA Board of Regents (specifically Jesse Hill, Felton Jenkins, Larry Walker, and Allan Vigil as board

members).[1]  In his Complaint, Plaintiff does not cite to any specific legal provision, statute, regulation, or state law under which he is bringing this action.  Instead, he generally states that he "demands $30,000,000 (Thirty-millions dollars) for the use of his professional materials, musics, dances, lyrics, voices, songs, entertainments, and etcs., thereby, causing him, damages and incorrigible and irreparable injuries." (Compl. 8.)  Additionally, Plaintiff alleges that the "University of Georgia Officials and Board of Regents" "refuse to compensate the plaintiff" and "do not want him to graduate, in his second (2nd) major . . . or more draw a paycheck from the Institution."  (Compl. 6.)  Plaintiff claims that he "help[ed] Mr. Vince Dooley to have winning seasons in football" and to "become Athletics Director for a number of years" because Defendant Vince Dooley used Plaintiff's "professional materials." (Compl. 9-10.)  Also, Plaintiff demands "another $50,000,000 (Fifty-Millions Dollars), for the harms, hurts, wrongs and damages and incorrigible and irreparable injuries" and claims that Defendants are subjecting Plaintiff to "cruel and unusual punishment." (Compl. 11-12.)

The Court interprets Plaintiff's claims to be claims for copyright infringement against the UGA Athletic Department, Board of Regents, and several individuals in their official capacities as employees or board members for UGA.  Also, it appears that Plaintiff may be attempting to state a claim against the Defendants for a violation of the Eighth Amendment

---

[1]  Plaintiff also names as Defendants "et. als."  To the extent that a person may be mentioned in the Complaint in passing but not specifically named as a defendant, the Court finds that those persons are not properly named defendants. While Court should construe *pro se* pleadings liberally, it is not the Court's duty to determine who exactly of the numerous mentioned persons are actually supposed to be defendants to Plaintiff's action.

to the United States Constitution. Plaintiff moved to proceed *in forma pauperis* ("IFP") in his civil action on October 29, 2010. His motion for IFP was granted on November 2, 2010. All of the Defendants except Larry Munskin are entitled to sovereign immunity in this case. Therefore, the Plaintiff's Complaint should be dismissed as to all the state entity Defendants. 28 U.S.C. § 1915(e)(2)(B)(iii). Additionally, Plaintiff's claims against the remaining non-state entity Defendant, Larry Munskin, are frivolous and should be dismissed. 28 U.S.C. § 1915(e)(2)(b)(i).

## DISCUSSION

**I.      Dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), "the court *shall* dismiss the case at any time if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief." (emphasis added). "[T]he Eleventh Amendment bars suits against states and state entities by their citizens." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007). A copyright infringement claim is thus barred by sovereign immunity if brought against a state or state entity. *See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of Univ. Sys. of Ga.*, 2008 WL 1805439, at *3-16 (M.D. Ga. 2008) (finding that Congress has not validly abrogated sovereign immunity as to copyright claims against the states). Likewise, to the extent that Plaintiff is attempting to bring an action under 42 U.S.C. § 1983 for a violation of his Eight Amendment rights, that claim is also barred by sovereign immunity if brought against state entities. *See Williams*, 477 F.3d at 1301.

Plaintiff brings this action for copyright infringement against multiple Defendants who are a part of the University System of Georgia. "UGA and the Board of Regents are state entities for Eleventh Amendment purposes." *Williams*, 477 F.3d at 1301. Thus, they are entitled to sovereign immunity. Additionally, the UGA Athletic Association, or "Athletics Department" as named by Plaintiff, is a state entity entitled to sovereign immunity under the Eleventh Amendment. *See Harrick v. Bd. of Regents of the Univ. Sys. of Ga.*, 2006 WL 870311, at *3 (N.D. Ga. 2006) ("The [UGA] Athletic Association is entitled to Eleventh Amendment immunity as to the Plaintiff's claims for monetary damages.") Finally, the remaining Defendants except for Larry Munskin, all individuals, are sued in their capacities as employees of UGA or the UGA Athletic Association. In other words, these individuals are sued in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989). The claims against Defendants Dooley, Evans, McGarity, Richt, Davis, Adams, Hill, Jenkins, Walker, and Vigil in this case are therefore no different than the claims against UGA, the Board of Regents, or the UGA Athletic Association, and each of these individual Defendants is entitled to sovereign immunity. The claims against the state entity Defendants as described above should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

The only remaining Defendant is "Larry Munskin," who Plaintiff identifies as a

"football commentator."[2] Specifically, Plaintiff alleges that Defendant Munskin "used, that, Entertainments, until, he retired; as, the Announcer for the Georgia Bulldogs Football Team, as, Late as September 18, 2010." (Compl. 4.) That Defendant Munskin

> would say, as, the Football Announcer[:] "Y'all come on and play, that, James Brown Song; Dooley Junkyard Dogs Ronnie Swope, he will hit you and he will knock you. Dooley Junkyard Dogs The Benches are Rocking and Bending. Dooley Junkyard Dogs."

(Compl. 8.) As explained above, the Court interprets this claim as a claim for copyright infringement.[3] This claim must be dismissed as frivolous.

Pursuant to 28 U.S.C. § 1915(e), "[t]he district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.'" *Thomas v. Pentagon Fed. Credit Union*, 2010 WL 3273056, at *1 (11th Cir. Aug. 19, 2010) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is

---

[2] The Court assumes that Plaintiff is actually referring to Larry Munson, who was a football commentator for the Georgia Bulldogs until 2008. Because the Court is dismissing claims against this Defendant as frivolous, the Court does not address this misnomer.

[3] To the extent that Plaintiff was attempting to assert a 42 U.S.C. § 1983 claim against Defendant Munskin, that claim must also be dismissed. Plaintiff identifies Defendant Munskin as a "football commentator" working for WFRC radio. (Compl. 4.) A successful § 1983 action requires that the Plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers,* 436 U.S. at 155-56) (emphasis added). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir.1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). Defendant Munskin is not an employee of the University of Georgia and is not state actor capable of being sued under § 1983.

based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

To state a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Latimer v. Roaring Toyz, Inc.*, 601 F.2d 1224, 1232-33 (11th Cir. 2010) (internal quotation marks and citation omitted). "To satisfy [the] first prong, a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." *Id.* (omission in original) (internal quotation marks and citations omitted). A "'certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'" *Id.* (quoting 17 U.S.C. § 410(c)).

Plaintiff does not allege in his Complaint that he has ownership of a valid copyright in any material. Plaintiff merely states that the Defendants "chosed (sic) a series of the, Plaintiff['s] . . . lyrics, music, voices, songs and various etcs." from when Plaintiff "was in Junior High Shool (sic)[.]" (Compl. 4.) Plaintiff does not allege that he created an original piece of work, that he obtained a copyright over that work, or that Defendant Munskins has somehow copied parts of that work that are original. At most, Plaintiff has alleged in a conclusory fashion that he wrote a song in junior high school, which has been played over the past forty years (Compl. 5), and that Defendant Munskin would ask that that song be played on the radio. Even giving Plaintiff every benefit as a *pro se* complainant, these allegations clearly do not state a claim for copyright infringement against Defendant

Munskin. In other words, his Complaint is based on an "indisputably meritless" legal theory. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). As such, Plaintiff's Complaint should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(iii). Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 24th day of November, 2010.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE